UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEDPACE, INC.,

      Plaintiff,                                      Case No.  1:12-cv-179

vs.

                                                       Judge Timothy S. Black

BIOTHERA, INC., *et al.,*

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (Doc. 48)

This civil action is before the court on Plaintiff's motion to compel[1] (Doc. 48) and Defendant's informal memorandum contra.  The Court heard oral argument at an informal discovery dispute conference on March 1, 2013.

Plaintiff seeks Defendant's financial statements and tax returns from 2006 to the present.  Specifically, in response to Plaintiff's allegations that Defendant breached the master services agreement by failing to make payments, Defendant asserted affirmative defenses and a counterclaim alleging that it did not pay the amounts owed because Plaintiff failed to perform under the contract.  Plaintiff contests these allegations and claims that the real reason Defendant did not make the payments was because it did not have the funds to do so.

---

[1]  "This Court does not permit discovery motions, i.e., motions to compel ... unless and until"… the parties have engaged with the Court in a telephonic informal discovery dispute conference. Judge Black's Cincinnati Civil Procedures available at: http://www.ohsd.uscourts.gov/judges/black; *see also* Local Rule 37.1.

Upon careful review of the applicable case law, the Court determines that the Sixth Circuit's holding in *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 118 (6th Cir. 1976), controls.  It is a "venerable rule that the motive of a breaching party to a contract is irrelevant to the merit of the promisee's claim." *Id.* at 118.  *See also Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981) ("the motive of a breaching party is irrelevant to a contract action.").  Thus, if a party has a legitimate ground to terminate a contract, the question of the party's subjective motivation for terminating is irrelevant.

Plaintiff argues, however, that the holdings in *Argus & Assoc., Inc. v. Prof'l Benefits Serv., Inc.*, No. 08-10531, 2008 U.S. Dist. LEXIS 105753 (E.D. Mich. Dec. 31, 2008) and *Kokosing Constr. Co. v. RLI Ins. Co.*, No. 2:07cv265, 2008 U.S. Dist. LEXIS 23836 (S.D. Ohio Mar. 3, 2008) control.  The Court finds that *Argus* is inapplicable as it is a Michigan case that applies Michigan law.  Moreover, the district court in *Argus* does not address *Battista* or Ohio case law.  *Kokosing* is likewise inapplicable as the Magistrate Judge's short opinion does not address the Sixth Circuit's decision in *Battista*. Here, the Court relies upon the holdings of the Sixth Circuit.  *Battista*, 538 F.2d at 118; *Wolfe*, 647 F.2d at 710.

Accordingly, for the foregoing reasons, Plaintiff's motion to compel (Doc. 48) is **DENIED**.

      **IT IS SO ORDERED**.


Date:  March 4, 2013                    *s/ Timothy S. Black*
                                     Timothy S. Black
                                     United States District Judge