UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEDPACE, INC.,                                    Case No. 1:12-cv-179

    Plaintiff,                                   Judge Timothy S. Black

vs.

BIOTHERA, INC., *et al.,*

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED COUNTERCLAIMS (Doc. 72)**

This civil action is before the Court on Medpace's motion to strike Biothera's amended counterclaims (Doc. 72) and the parties' responsive memoranda (Docs. 77, 83).

Pursuant to Federal Rule of Civil Procedure 12(f), Medpace moves the Court for an order striking Biothera's amended answer and counterclaims. Specifically, Medpace maintains that Biothera's pleading should be stricken for two reasons: (1) Biothera added a new counterclaim for punitive damages without leave of Court and without Medpace's consent; and (2) Biothera improperly raised new factual allegations that are not responsive to the allegations in Medpace's amended complaint.

**BACKGROUND FACTS**

Medpace filed a motion for leave to amend the complaint, which this Court granted. (Doc. 66). Medpace subsequently filed its amended complaint on August 27, 2013. (Doc. 67). Biothera did not move for leave to amend its answer and counterclaims. However, on September 10, 2013, Biothera filed its amended answer and

-1-

counterclaims, adding a new counterclaim for punitive damages and additional factual allegations which are not responsive to Medpace's amendments.  (Doc. 71).

## STANDARD OF REVIEW

Pursuant to Rule 12(f), the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous mater."  However, motions to strike are generally disfavored and should only be granted when the material at issue has "no possible relation to the controversy."  *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  Nonetheless, courts retain "liberal discretion" to strike filings as they deem appropriate.  *In re Keithley Instruments, Inc.*, 599 F.Supp.2d 908, 911 (N.D. Ohio 2009).

## ANALYSIS

### A.  Leave of Court

First, Medpace alleges that Biothera's counterclaim for punitive damages is improper because it was filed without leave of Court.

Federal Rule of Civil Procedure 15(a)(2) provides that after a party's time to amend its pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Amended pleadings filed without the party first seeking and obtaining leave as required by Federal Rule of Civil Procedure 15(a) may be stricken pursuant to Rule 12(f).  *See, e.g., In re Keithley Instruments, Inc.*, 599 F. Supp.2d at 913 ("Generally, an amendment that does not comply with Rule 15(a) is without legal effect and any new matter it contains will not be considered unless the amendment is re-submitted for approval.").

However, "where a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint." *Fitzpatrick v. Potter*, No. 1:04cv369, 2005 WL 2622024, at *2 (S.D. Ohio Oct. 14, 2005) ("An amended complaint supersedes the original complaint and renders it of no legal effect. Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses. Moreover, where a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint."). Pleading "anew" includes pleading new counterclaims, as this Court has recognized that a defendant is "permitted to file [a] counterclaim without first seeking leave of court." *Id.* (citing *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997).[1]

First, Medpace argues that its addition of the fraud claim does not change the theory or scope of the case. However, Medpace added a new claim and a new defendant, necessitating new discovery including a number of additional depositions. (Doc. 66 at 5, n.4). Accordingly, the Court finds the argument that the amended complaint "does not change the theory or scope of the case" to be unsupported by the record.

Medpace also argues that there must be a nexus between the new complaint and Biothera's punitive damages counterclaim. (Doc. 72 at 4). However, Biothera's punitive

---

[1] All of the cases cited by Medpace either deny motions to strike (*see, e.g., Sundbeck v. Sundbeck*, No. 1:10cv23, 2011 U.S. Dist. LEXIS 121538, at *2 (N.D. Miss. Sept. 30, 2011)) or affirmatively authorize a defendant's filing of a counterclaim in response to an amended complaint (*See, e.g., Tralon*, 966 F. Supp.2d at 832 and *Fitzpatrick*, 2005 WL 2622024 at 2).

damages counterclaim need not be "in any way related" to Medpace's fraud claim. Rather, Biothera may "plead anew," including adding a new counterclaim. *Fitzpatrick*, 2005 WL 2622024 at 2-3. Even if there were a nexus requirement, it is satisfied here because Biothera's counterclaim for punitive damages alleges intentional wrongdoing in response to Medpace's new allegations of intentional wrongdoing.

Moreover, under Ohio law, even if a plaintiff or counterclaiming defendant has "not demanded punitive damages in its [pleading], recovery may include punitive damages if the evidence supports it." *Wiebold Studio, Inc. v. Old World Restorations, Inc.*, 484 N.E.2d 280, 288 (Ohio App. 1985). Punitive damages arising out of a party's wrongful conversion are proper if a party acts with malice or a "conscious disregard for the rights of other persons." *Digital & Analog Design Corp. v. N. Supply Co.*, 540 N.E.2d 1358, 1366 (Ohio 1989). Biothera claims that the facts will support punitive damages on its conversion claim at trial.[2]

### B. Factual Allegations

Medpace also argues that Biothera's amended answer is improper because it adds several pages of new factual allegations that are not responsive to Medpace's amended complaint. "Normally, a party served with an amended pleading has the duty and right only to 'respond' to the amendment or the changes in the amended pleading." 3 Moore's

---

[2] Additionally, Biothera's original answer was sufficient under Ohio law to put Medpace on notice of its request for punitive damages. Specifically, Biothera requested an award of attorney's fees which under the "American Rule," are not ordinarily recoverable by the prevailing party. Under Ohio law, a pleading that includes a request for attorneys' fees is sufficient to put the responding party on notice of the possibility of punitive damages. *Kalbfell v. Marc Glassman, Inc.*, No. 02-CO-5, 2003 Ohio App. LEXIS 3183, at *8 (Ohio App. June 26, 2003).

Federal Practice, § 15.17 (Matthew Bender 3d Ed.).  Accordingly, Medpace maintains that Biothera's nonresponsive new factual allegations should be stricken.

As explained *supra*, Biothera is permitted to "plead anew" allegations related to Medpace's performance that were unknown or undeveloped at the time of its original answer.  *Fitzpatrick*, 2005 WL 2622024 at 2-3.  Biothera's additional factual allegations pertain to the clinical trials at issue and recount new developments since Biothera's original answer, which aid in presenting the merits of the case.  Fed. R. Civ. P. 15(b)(1) (the court can "permit the pleadings to be amended" during and after trial and "should freely permit an amendment when doing so will aid in presenting the merits.").  There is no evidence that Medpace will suffer any prejudice as a result of the additional factual allegations.

### C. Adverse Jury Instruction

Finally, Biothera maintains that the Court should issue an adverse jury instruction based on Medpace's refusal to explain the reasons it wrongfully withheld Biothera's trial property.

This Court already determined that Medpace wrongfully withheld Biothera's Trial Property, causing Biothera damages.  (Doc. 53 at 14).  Under Ohio law, punitive damages arising out of a party's wrongful conversion are proper if a party acts with malice or a "conscious disregard for the rights of other persons."  *Digital & Analog Design Corp. v. N. Supply Co.*, 540 N.E.2d 1358, 1366 (Ohio 1989).  Therefore, the issue of Medpace's intent – whether Medpace acted with malice or in "conscious disregard" for Biothera's property rights – is at issue.  However, Biothera claims that Medpace has refused to

provide testimony regarding this issue, and therefore the Court should enter an adverse ruling against Medpace.

Under Ohio law, a jury "may properly be instructed that the unexplained failure of a party to testify, concerning facts peculiarly within his knowledge, may give rise to an inference that, had he testified, his testimony would have been unfavorable to his cause." *State ex rel. Raydel v. Raible*, 117 N.E.2d 480, 486 (Ohio App. 1954). Biothera claims that Medpace cannot rely on the exception to this rule where a party "has failed to call a privileged witness or has invoked the privilege to exclude the testimony of such a witness." *Id*. Specifically, Biothera argues that Medpace's decision to invoke the "advice of counsel" as a shield to prevent Biothera's discovery of relevant information waived the privilege. *New Phoenix Sunrise Corp. v. C.I.R.*, 408 F. App'x 908, 919 (6th Cir. 2010) ("The attorney-client privilege cannot at once be used as a shield and a sword."). Biothera maintains that at the very least, this Court should enter an order requiring Medpace to answer questions regarding its rationale for withholding Biothera's Trial Property and order Medpace to pay the fees and costs associated with its failure to obtain a protective order and refusal to provide Biothera with any discovery on these issues.

Based on the record before the Court, Medpace's witnesses have consistently testified that it was reasonable for Medpace to withhold trial data due to nonpayment. (Doc. 83, Ex. B at 109-110; Ex. C at 320-323; Ex. D at 351-353; Spilker Report at 48-49). Moreover, Medpace produced Shirley Lowe, its corporate representative, who testified:

-6-

> Q. Sure. Do you have any information about the reasons why Medpace chose not to turn over the Trial Master File to Biothera earlier than it did?
> A. It was based on advise of counsel
> Q. Who was that counsel?
> A. Kay Nolen, Steve Ewald.
> ***
> Q. So Biothera asked for the Trial Master File to be returned, and Medpace refused based on advise of counsel; is that your testimony?
> A. Yes.

(Doc. 83, Ex. G at 21, 26).

There is no evidence that Medpace waived the privilege with respect to its advice of counsel. Only affirmative reliance on the advice of counsel as an aspect of a claim or defense waives the privilege. Thus, the "test for invading attorney-client privilege communications is not simply relevance but affirmative waiver." *U.S. v. Ohio Edison Co.*, No. C2-99-1181, 2002 U.S. Dist. LEXIS 14290, at *19 (S.D. Ohio July 11, 2002) (holding that privileged communications were not discoverable because, while the communications may have been relevant, the party did not affirmatively waive the privilege). "[A] party must affirmatively use privileged communications to defend itself or attack its opponent in the action before the implicit waiver rule is applicable." *Id.* at 16.

Medpace did not rely on the advice of counsel as a defense to any pending claim or to attack Biothera in this litigation. Accordingly, this Court declines to issue an adverse jury instruction.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion to strike (Doc. 72) is **DENIED**.

**IT IS SO ORDERED**.

Date:  11/4/13                                                                                          *s/ Timothy S. Black*
                                                                                                           Timothy S. Black
                                                                                                           United States District Judge