UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MEDPACE, INC., | : | Case No. 1:12-cv-179 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BIOTHERA, INC., *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES (Doc. 74)

This civil action is before the Court on Plaintiff's motion to strike Defendants' supplemental initial disclosures (Doc. 74) and the parties' responsive memoranda (Docs. 79, 85).

### I. BACKGROUND FACTS

Plaintiff brought this lawsuit on March 2, 2012, and the parties began the discovery process thereafter. (Doc. 74 at 3). On June 21, 2012, Defendants served their initial disclosures on Plaintiff. (*Id.*) The Court issued an amended calendar order on June 14, 2013, which established August 30, 2013 as the discovery deadline. (*Id*. at 4; *see also* Doc. 57).

Seven days before the discovery deadline, Defendants served Plaintiff with supplemental disclosures that included thirteen additional fact witnesses. (Doc. 74 at 4). On August 28, 2012, Plaintiff sent a letter to Defendants demanding that Defendants withdraw the thirteen additional witnesses because their inclusion violated the Federal

Rules of Civil Procedure and the Local Rules of this Court.  (*Id*.)  Defendants refused to do so, and Plaintiff's motion to strike followed.  (*Id*.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(e)(1) obligates a party to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  A party who violates Rule 26 may not use the offending information or witness "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).[1]

Federal courts have varied in their interpretations of what qualifies as "made known" for purposes of Rule 26(e).  In *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012), the court found that a witness was sufficiently "made known" to the opposing party when the party's counsel asked questions about the witness during the deposition of another witness.  The party also sought discovery of emails and other correspondence sent or received by the challenged witness.  *Id*.  Conversely, in *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010), the court ruled that "the mere mention of a name in a deposition is insufficient to give notice to the opposing party

---

[1] Additionally, this Court's Civil Procedures state that "[a]ll witnesses to be called during a party's case-in-chief must be disclosed within sufficient time to permit discovery …; and both parties will disclose the names of all other [non-expert] case-in-chief witnesses at least 30 days prior to the discovery deadline."  Judge Black's Cincinnati Civil Procedures at 3.

that [the other party] intend[s] to present that person at trial." *See also Rhodes v. Sutter Health*, No. 2:12-0013, 2013 WL 425404, at *10 (E.D. Cal. Feb. 1, 2013) (holding that even though a witness's name had been referenced in depositions of other witnesses, the opposing party was not given sufficient notice to satisfy Rule 26); *Station Enter., Inc. v. Ganz, Inc.*, No. 07-cv-14294, 2009 WL 3059148, at *5 (E.D. Mich. Sept. 24, 2009) (finding that a party's argument that mentioning a potential witness's name in a discovery response made it unnecessary to include the witness's name on a witness list was "contrary to the Federal Rules of Civil Procedure"); *but see McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 Fed. Supp. 2d. 810, 812-13 (E.D. Cal. 2006) (holding that Rule 26(e) was satisfied when the challenged witnesses were identified in documents produced by both parties to the action).

### III.   ANALYSIS

#### A. Individual Witnesses

Plaintiff moves to strike eight individual witnesses: Sheri Smith, Dr. Leonard Saltz, Dr. Roy S. Herbst, Jim Horstmann, Dr. Myra Patchen, Steve Smith, Melissa Schneider, and Paulette Mattson . (Doc. 74 at 4).  Of these, the Court strikes all but one.

With respect to Sheri Smith, Plaintiff served a third-party subpoena on Ms. Smith's employer, Courante Oncology, LLC, and sought the deposition of Ms. Smith herself.  This Court agrees with the reasoning of the court in *Kapche* wherein the court held that since the opposing party sought discovery of documents authored or received by the challenged witness, said witness was sufficiently "made known" to the challenging

party.  677 F.3d at 468.  Here, Sheri Smith was "made known" to Plaintiff through its *own* subpoena and efforts to depose Ms. Smith.  Accordingly, Plaintiff's motion to strike is denied as it pertains to Sheri Smith.

With respect to Plaintiff's objections regarding the other seven individual witnesses, Defendants argue that Plaintiff was put on notice of these witnesses because their names are mentioned in documents which were produced through discovery.  (Doc. 79 at 12-13).  However, it is not sufficient for the purpose of putting an opposing party on notice to simply "mention […] a name in a discovery response."  *Station Enter.*, 2009 WL 3059148 at 5.  By analogy, in this case it is not sufficient that these individuals' names happen to be buried in hundreds of documents gathered through discovery.

Defendants also maintain that the individuals were "made known" to Plaintiff because they were mentioned in "fact witness depositions."  (Doc. 79 at 12-13).  However, "the mere mention of a name in a deposition is insufficient to give notice to the opposing party" that the person mentioned will appear as a witness at trial.  *Ollier*, 267 F.R.D. at 343.  Likewise, contrary to Defendants' claim, it is insufficient that several of the witnesses "directly interacted" with Plaintiff "during the course of the parties' relationship."  (Doc. 79 at 12-13).  This blanket statement by Defendants has no bearing on whether Plaintiff was on notice that these individuals may be called as witnesses at trial.

Therefore, Defendants failed to timely supplement their initial disclosures with respect to the following individuals:  Dr. Leonard Saltz, Dr. Roy S. Herbst, Jim

Horstmann, Dr. Myra Patchen, Steve Smith, Melissa Schneider, and Paulette Mattson. This failure was a violation of Rule 26(e) and this Court's Civil Procedures. Accordingly, Plaintiff's motion to strike is granted as to these individuals.

### B. Corporate Entities

Next, Plaintiff maintains that the inclusion of five corporate entities in Defendants' supplemental disclosures violated Rule 26, because the rule mandates the naming of *individuals*. (Doc. 74 at 7). However, in *Moore v. Computer Assoc.'s Int.'l, Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009), the court held that Rule 26 was "exclusive of corporate entities." Also, in *Garrett v. Trans Union, L.L.C.*, No. 2:04-cv-00582, 2006 WL 2850499, at *7 (S.D. Ohio Sept. 29, 2006), the court held that a party did not violate Rule 26(a) when it did not disclose the name of a corporate representative who later submitted an affidavit. Specifically, there was "no prejudice to Plaintiff whether the witness [was] listed as 'Citifinancial representative' or 'Citifinancial representative Joe Barbone.'" *Id*.

Moreover, the five corporate entities listed in the supplemental disclosures were sufficiently "made known" to Plaintiff because each entity was the target of a subpoena. (Doc. 79 at 10-11). As discussed *supra* in Section III-A, this was sufficient to put Plaintiff on notice.

Accordingly, Plaintiff's motion to strike as it pertains to Courante, LLC; Apcer Pharma Solutions, Inc.; Mednet Solutions, Inc.; PhEA, LLC; and Cmed, Inc., is denied.

## IV. CONCLUSION

Accordingly, Plaintiff's motion to strike Defendants' supplemental initial disclosures (Doc. 74) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order.

**IT IS SO ORDERED**.

Date:  11/25/13                              */s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge