UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEDPACE, INC.,

    Plaintiff,

vs.

BIOTHERA, INC., *et al.*,

    Defendants.

Case No. 1:12-cv-179

Judge Timothy S. Black

**ORDER GRANTING PLAINTIFF'S MOTION
FOR APPROVAL OF THE SUPERSEDEAS BOND (Doc. 125)**

This civil action is before the Court on Medpace's motion for approval of a supersedeas bond (Doc. 125) and the parties' responsive memoranda (Docs. 126, 128).

Medpace moves the Court for approval of a supersedeas bond pursuant to Fed. R. Civ. P. 62(d),[1] which will stay execution and enforcement of the April 22, 2014 Order Granting Biothera's Motion for Costs and Fees (Doc. 22).[2]

"Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of monetary judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). "The purpose of [Rule 62(d)], which applies to any appealable order requiring payment, is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment

---

[1] "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." *Id.*

[2] The Order awarded Biothera $931,399.01 in costs and fees.

-1-

cannot be recouped if the decision should be reversed.'" *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x. 375, 378 (2nd Cir. 2009) (*quoting Cleveland Hair Clinic Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). Medpace posted a supersedeas bond for the full amount of the award, which guarantees that Biothera will recover in full if the Order is affirmed.

Biothera argues that Medpace's motion: (1) is procedurally inappropriate and an exercise in futility, because it seeks approval of a bond as security for the appeal of an interlocutory order which, under binding precedent, is not appealable before final judgment; and (2) Biothera will be harmed because it will be forced to bear significant and improper litigation costs until the appeal is resolved. However, pursuant to Rule 62(d), the only relevant issue before the Court is whether Medpace properly filed a notice of appeal and a supersedeas bond. Medpace completed both of these tasks. Whether the Sixth Circuit has jurisdiction to hear the appeal under the collateral order doctrine is an issue for the Sixth Circuit, not the District Court.[3]

Accordingly, for these reasons, Medpace's motion for approval of the supersedeas bond (Doc. 125) is **GRANTED**. Execution upon and enforcement of the Court's Order Granting Biothera's Motion for Costs and Fees (Doc. 122) is **STAYED** pending appeal.

**IT IS SO ORDERED.**

Date: 5/21/14

Timothy S. Black
United States District Judge

---

[3] In fact, on May 16, 2014, Biothera filed a motion to dismiss the appeal, which is pending before the Sixth Circuit.