UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEDPACE, INC.,                         Case No. 1:12-cv-179

    Plaintiff,                        Judge Timothy S. Black

vs.

BIOTHERA, INC., *et al.*,

    Defendants.

**ORDER: (1) DENYING BIOTHERA'S MOTION FOR CONTEMPT (Doc. 141); AND (2) DENYING MEDPACE'S CROSS-MOTION FOR MODIFICATION OF THE ORDER APPROVING MEDPACE'S SUPERSEDEAS BOND**

This civil action is before the Court on: (1) Biothera's motion for contempt (Doc. 141) and the parties' responsive memoranda (Docs. 149, 153); and (2) Medpace's cross-motion for modification of the supersedeas bond (Doc. 149) and the parties' responsive memoranda (Docs. 153, 155).

### I. PROCEDURAL POSTURE AND BACKGROUND FACTS

Biothera seeks an Order holding Medpace in civil contempt for violating this Court's April 22, 2014 Order and for sanctions for violation of that Order. Specifically, Biothera claims that Medpace failed to comply with the Court's Order directing Medpace to pay Biothera $931,399.01 within 30 days.

In February 2014, the Court sanctioned Medpace and awarded Biothera "recovery of its reasonable attorneys' fees and costs improperly caused by Medpace's failure to timely produce portions of the Trial Property." (Doc. 101 at 8). Pursuant to that Order, Biothera moved the Court for an award of its improperly caused fees and costs. (Docs.

106, 107).  On April 22, 2014, the Court awarded Biothera $931,399.01 and ordered Medpace to pay within 30 days.  (Doc. 122 at 12).  On May 9, 2014, Medpace filed a notice of appeal regarding the Fee Order and sought a stay pending appeal.  (Docs. 123-125).  On May 21, 2014, the Court granted Medpace's motion for approval of a supersedeas bond and stayed execution and enforcement of the Fee Order "pending appeal."  (Doc. 129 at 2).

On May 16, 2014, Biothera moved the Sixth Circuit to dismiss Medpace's appeal for lack of subject-matter jurisdiction.  (App. Doc. 9).  On September 8, 2014, the Sixth Circuit dismissed Medpace's appeal for lack of subject-matter jurisdiction.  (App. Doc. 29-1).  On September 10, 2014, Medpace filed an emergency motion for reconsideration.  (App. Doc. 30).  In Medpace's Emergency Motion, it admitted that "[u]pon dismissal of this appeal, there is nothing in place in the District Court to stay execution and enforcement of the Sanctions Order until final judgment."  (*Id*. at 4).  Medpace did not seek a stay from this Court or the Sixth Circuit.  That same day, Biothera wrote to Medpace that its obligation to pay the Fee Order was now due.  (Doc. 141-1 at ¶ 2, Ex. A).  Medpace responded, claiming that "[t]he supersedeas bond and stay of execution of the April 22, 2014 Order will remain in place, at the very least, until the Sixth Circuit decides the Emergency Motion for Reconsideration and longer if the Sixth Circuit accepts jurisdiction over the appeal."  (*Id.* at ¶ 3, Ex. B).  Subsequently, on October 24, 2014, the Sixth Circuit denied Medpace's motion for reconsideration.  (Doc. 146).

2

## II. STANDARD OF REVIEW

A court may, in its discretion, hold litigants in contempt when it seeks to enforce an Order. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). The Supreme Court has explained that contempt power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911). The purpose of the sanction of civil contempt is to encourage compliance with Court orders and/or to compensate the complainant. *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991).

A finding of contempt is largely within the discretion of the trial court. 18 U.S.C. § 401. The test for determining a violation is whether the noncomplying party failed to take "all reasonable steps within their power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989). Title 18 U.S.C. Section 401 provides in pertinent part:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as –
>
> > (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Under Section 401(3), a party may be found in contempt for disobeying an order "only if the order is clear and definite, and the contemnor has knowledge of it." *Ahmed v. Reiss Steamship Co.*, 580 F. Supp. 737, 744 (N.D. Ohio 1984).

### III.  ANALYSIS

#### A.  Overdue Fees

The Fee Order required Medpace to pay Biothera $931,399.01 "within 30 days" of its issuance. (Doc. 122 at 12). The Fee Order was issued on April 22, 2014 and therefore payment was due by May 22, 2014. (*Id.*) However, Medpace filed its notice of appeal on May 9, 2014. (Doc. 123). The Court approved Medpace's supersedeas bond and stayed the enforceability of the Fee Order on May 21, 2014. (Doc. 129). Accordingly, Biothera claims that Medpace only had one day remaining on its obligation to pay. Moreover, even if the 30 day clock stopped on May 9, 2014, when Medpace filed its notice of appeal, Biothera claims that Medpace was left with thirteen days to pay the Fee Order – a timeframe that has now expired. Medpace argues that its September 10, 2014 motion for reconsideration automatically and retroactively stayed the effect of the Sixth Circuit's Dismissal Order and mandate.

Given the intervening filings between the Court's April 22 Order and Medpace's motion to modify the bond, the Court cannot find that, pursuant to 18 U.S.C. Section 401, the date by which the fee was due was "clear and definite." Accordingly, Biothera's motion for contempt (Doc. 141) is denied.

#### B.  Modification of the Supersedeas Bond

Medpace moves the Court to extend the stay of enforcement and execution on the Fee Order pending final judgment. Specifically, Medpace argues that the Sixth Circuit directs the Court to modify its Order. The Court disagrees. The Sixth Circuit notes that

4

"[a]t *least* three outcomes are possible": (1) this Court could extend the stay; (2) this Court could hold Medpace in contempt and thereby create an appealable order; and (3) this Court could grant Biothera's motion for involuntary dismissal.  (Doc. 146 at 3). (emphasis added).  The Sixth Circuit did not suggest that the Fee Order should be stayed.[1]

Nothing has changed that persuades this Court to amend its original Fee Order. (Doc. 122 at 11).[2]  As this Court previously stated, "it would hardly be equitable to force Biothera to bear significant and improper litigation costs until this case is resolved." (*Id.*)[3]  Accordingly, the Court declines to stay execution of the sanctions pending final judgment.

### III.  CONCLUSION

Accordingly, for these reasons:

(1)  Biothera's motion for contempt (Doc. 141) is **DENIED**;

(2)  Medpace's cross-motion for modification of the order approving Medpace's supersedeas bond is **DENIED**; and

---

[1] The Sixth Circuit reviews the grant of an award of attorney's fees for an abuse of discretion. *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988).

[2] Medpace argues that Biothera does not generate enough revenue to finance its operations and that its auditors have serious questions as to whether the company can survive and continue operations until the end of the financial year.  (Doc. 149 at 10).  The Court finds that these facts actually support a finding that the Fee Order should be paid forthwith, so that Biothera is reimbursed for work that it has since had to relitigate.  This Court ordered fees as a sanction in large part due to Medpace's "underhanded way in which it dealt with the disclosure of the late production."  (Doc. 122 at 1) (emphasis supplied).  Despite this Court's unequivocal finding that Medpace was negligent, bordering on reckless, Medpace continues to shirk blame.  (Doc. 122 at 2).  The Fee Order is not related to the merits of the underlying claims.

[3] "Moreover, Biothera is a small, drug-development company and Medpace was recently sold from one private equity firm to another for more than $900 million.  (Doc. 108 at ¶ 11, Ex. G).  There is no evidence that ordering Medpace to pay the sanction now would create a back-breaking financial hardship."  (Doc. 122 at 11).

(3) Medpace shall comply with the Court's April 22, 2014 Order (Doc. 122) on or before **December 5, 2014**.

**IT IS SO ORDERED**.

Date: 11/25/14

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge

Case: 1:12-cv-00179-TSB Doc #: 156 Filed: 11/25/14 Page: 6 of 6  PAGEID #: 8144